IN THE UNITED STATES DISTRICT COURT
                    FOR THE NORTHERN DISTRICT OF ILLINOIS
                                EASTERN DIVISION

| | |
|---|---|
| **JOSEPH ANDREW FELTON**, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 16 C 11488 |
| ) | |
| **LOIS MAYS**, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM ORDER

Frequent filer Joseph Felton ("Felton"), who is in custody at the Cook County Correctional Center ("County Jail"), has filed still another action utilizing the Clerk's-Office-supplied form of "Complaint Under the Civil Rights Act, Title 42 Section 1983" ("Complaint"), and it has been assigned at random by this District Court's computerized system to this Court's calendar. To characterize Felton as a merely "frequent filer" is an understatement, for his response to the Complaint ¶ III requirement in this case that he list all prior lawsuits filed in the state or federal courts identifies no fewer than eleven other lawsuits that he has filed during the years 2014 through 2016, while a transmittal from this District Court's staff attorney group assigned to prisoner litigation reports one added action, 16 C 4671, also filed in this District Court.

Regrettably the litigiousness that appears to be reflected by such numerosity is not Felton's only problem. His current Complaint's Statement of Claim (Complaint ¶ IV) displays a hodgepodge of charges against a group of purported co-conspirators who assertedly (1) cashed checks that didn't belong to them, (2) took real estate, CDs, stocks and bonds, (3) engaged in "other money transactions falsely" -- and on and on. But Felton's rambling narration concludes

with one crystal-clear statement, that contained in Complaint ¶ V describing the modest relief that he seeks:

> Pain & suffering
> $25 million
> compensatory & punitive damages

It is true (1) that the federal pleading regime calls for "notice pleading," as contrasted with the state courts' customary approach of "fact pleading," and (2) that submissions by pro se litigants are viewed through a more generous lens than those authored by lawyers (see <u>Haines v. Kerner</u>, 404 U.S. 519 (1972)). But the most recently established pleading principle emanating from the United States Supreme Court in several cases has added a requirement of "plausibility" that this Court has characterized as establishing the "<u>Twombly</u>-<u>Iqbal</u> canon," and what Felton has produced here certainly fails to meet that mark.

Accordingly this Court finds that what Felton has produced -- a set of conclusory charges without any plausible supporting allegations -- must be viewed as "frivolous" in the legal sense, so that he has now accumulated a third "strike" under 28 U.S.C. § 1915(g). That provision precludes him from bringing any further civil action or appeal under 28 U.S.C. § 1915 unless he is then "under imminent danger of serious physical injury." As for this action, it is dismissed sua sponte on the ground stated at the outset of this paragraph.

_____
Milton I. Shadur
Senior United States District Judge

Date: January 10, 2017