IN THE UNITED STATES DISTRICT COURT
                        FOR THE NORTHERN DISTRICT OF ILLINOIS
                                    EASTERN DIVISION

JOSEPH ANDREW FELTON,            )
                                 )
                Plaintiff,       )
                                 )
        v.                       )    Court of Appeals Case No. 17-1286
LOIS MAYS, et al.,               )    (Dist. Ct. Case No. 16 C 11488)
                                 )
                                 )
                Defendants.      )

## MEMORANDUM ORDER

To refer to Joseph Felton ("Felton"), the plaintiff in the above-numbered District Court case that is currently the subject of a pending appeal under the number also cited in the caption here, as a "frequent filer" was characterized by this Court's brief January 10, 2017 memorandum order (the "Order") as an "understatement," for the Order reported Felton's acknowledged listing of no fewer than 11 other lawsuits that he had filed during the years 2014 through 2016. It might then have been expected that the pro se Complaint Felton filed in this case would have drawn on his litigation experience to set out a claim or claims with the degree of "plausibility" called for by what this Court quite often refers to as the "Twombly-Iqbal canon." Instead, as the Order (one of several memorandum orders that this Court found it necessary to issue during the pendency of the case at the District Court level) stated at its pages 1 and 2:

> Regrettably the litigiousness that appears to be reflected by such numerosity is not Felton's only problem. His current Complaint's Statement of Claim (Complaint ¶ IV) displays a hodgepodge of charges against a group of purported co-conspirators who assertedly (1) cashed checks that didn't belong to them, (2) took real estate, CDs, stocks and bonds, (3) engaged in "other money transactions falsely" -- and on and on. But Felton's rambling narration concludes with one crystal-clear statement, that contained in Complaint ¶ V describing the modest relief that he seeks:

>     Pain & suffering
>     $25 million
>     compensatory & punitive damages.

Those purely conclusory allegations, asserted without any background factual anchoring (even of a summary nature) to enable this Court to conduct a threshold evaluation of the Complaint's "plausibility," caused this Court to dismiss the Complaint as frivolous in the legal sense -- and that dismissal, when coupled with the earlier dismissals of prior lawsuits by Felton that also ran afoul of the standards set out in 28 U.S.C. § 1915(g) ("Section 1915(g)"), constituted his third "strike" for Section 1915(g) purposes.  And that being the case, the same January 10 Order not only dismissed the action but stated in its final paragraph:

> That provision [Section 1915(g)] precludes him from bringing any further civil action or appeal under 28 U.S.C. § 1915 unless he is then "under imminent of serious physical injury."

When Felton then filed a motion to proceed on appeal in forma pauperis ("IFP") before the Court of Appeals on April 28, 2017, that court transferred the motion to this District Court for a ruling.  Because Felton's extended narrative in his Complaint ¶ IV "Statement of Claim" includes nothing to suggest that he is "under imminent danger of serious physical injury," his appeal does not entitle him to proceed IFP before the Court of Appeals -- instead he must, like any other litigant, prepay the appellate filing fees.  This Court accordingly denies Felton's motion, but like the Court of Appeals it reminds him that he must refile the motion in that court pursuant to Fed. R. App. P. 24.

_____
Milton I. Shadur
Senior United States District Judge

Date:  May 10, 2017